**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PAUL RAUCCI, | : | 07CV30 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID G. ROMAN, | : | |
|     Defendant. | : | |

## RULING ON MOTION TO DISMISS

The genesis of this action is the sale of certain businesses owned by plaintiff Paul Raucci to defendant David Roman. Plaintiff advances claims of fraudulent misrepresentation, reformation of the contract, breach of contract, negligence, equitable estoppel, breach of fiduciary duty, and the Connecticut Unfair Trade Practices Act ("CUTPA").

Defendant has filed a motion to dismiss the action in its entirety.

For the following reasons, the motion to dismiss will be granted in part.

## BACKGROUND

For purposes of ruling on this motion, the Court takes the facts alleged in the complaint to be true.

On April 24, 1996, plaintiff and defendant entered into a business transaction for the sale of plaintiff's interest in certain corporations known as Safe Home Security, Inc., Safe Home Monitoring, Inc., Security Systems, Inc. and National Protective Services, Inc. At the time, defendant was aware that plaintiff had been diagnosed with attention deficit/hyperactivity disorder, which affected plaintiff's ability to read and comprehend documents.

Defendant knowingly misrepresented to plaintiff that he would retain a five percent interest in each of the corporations. However, when he signed the transaction documents, plaintiff unknowingly transferred all of his shares in the corporations with the exception of Safe Home Security, in which corporation plaintiff retained an interest.

Defendant intentionally concealed facts to plaintiff regarding the corporate structure, ownership, financing and operation of the corporations. Defendant engaged in conduct to fraudulently conceal certain facts from plaintiff. Such conduct included facilitating plaintiff's attendance at annual meetings of the corporations to conceal the fact that plaintiff had signed a document resigning as a director of these corporations.

Plaintiff filed this complaint on January 8, 2007.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Igbel v. Hasty, – – F.3d – – , 2007 WL 1717803 *10-11 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Statute of Limitations

Defendant asserts that plaintiff's claims are barred by the relevant statute of limitations, since this action was commenced approximately eleven years after the transaction occurred on April 24, 1996. A statute of limitations defense is an affirmative defense and therefore generally requires a factual inquiry beyond the face of the complaint. However, a defendant may raise a statute of limitations defense where the dates in the complaint show that an action is barred. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989).

The statute of limitations relevant to the tort claims of fraudulent misrepresentation, negligence, and breach of fiduciary duty is three years and commences with occurrence of the complained of act or omission. Conn. Gen. Stat. § 52-577; Fichera v. Mine Hill Corp., 207 Conn. 204, 212 (1998). In support of his tort claims, plaintiff alleges that defendant made certain false representations and that defendant failed to exercise reasonable care in "obtaining or communicating information." However, plaintiff does not specify when these statements occurred, although such statements must have been made by the time plaintiff and defendant executed the transaction.

Plaintiff's contractually-based claims of reformation, breach of contract and equitable estoppel are subject to the six year statute of limitations, which commences upon the date that plaintiff could have successfully maintained an action. Conn. Gen. Stat. § 52-576; See Colodonato v. Hanson, 2006 WL 2556349 (Conn. Sup. Ct.) (applying contractual limitations period to equitable claim based on contract). Thus, plaintiff's claims accrued on April 24, 2002, six years after the April 1996 transaction.

3

Plaintiff's CUTPA claim, which stems from defendant's alleged misstatements and omissions relative to the sale of plaintiff's businesses, is subject to the three year limitations period set forth in Connecticut General Statutes section 42-110g(f).

Plaintiff counters, and defendant disputes, that his causes of action are tolled by defendant's acts of fraudulent concealment.

Section 52-595 provides:

> If any person liable to an action by another fraudulently conceals from him the existence of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

A plaintiff alleging fraudulent concealment must show that defendants had: 1) actual awareness of the facts necessary to establish plaintiff's cause of action; 2) intentionally concealed these facts from the plaintiff; and 3) concealed the facts for the purpose of obtaining delay on the plaintiff's part in filing a complaint on plaintiff's cause of action. Plaintiff's allegations of fraudulent concealment are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and must be stated with particularity. Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 582 (2d Cir. 2005). In order to satisfy Rule 9(b), a complaint must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent. Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp,

Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: 1) to ensure that a complaint provides defendant with fair notice of the plaintiff's claim; 2) to safeguard defendant's reputation from improvident charges; and 3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

In this instance, plaintiff alleges: 1) that defendant "fraudulently and intentionally concealed facts" from plaintiff regarding the ownership, operation, structure and financing of the corporations; and 2) that defendant invited plaintiff and provided transportation for him to the corporations' annual meetings to conceal the fact that plaintiff had in fact resigned from such corporations. Plaintiff alleges the subject matter of the allegedly fraudulently concealed facts, but fails to specify when the statements occurred, and what defendant stated or did to fraudulently conceal the nature of the transaction. In re Publication Paper Antitrust Litigation, 2005 WL 2175139 (D.Conn.) (Rule 9 not satisfied where allegations did not set forth what was said or how conduct prevented discovery of claim or injury). Since the transaction at issue occurred between plaintiff and defendant, these facts are within the province of plaintiff's knowledge and the lack of discovery does not excuse compliance with Rule 9's specificity requirement. Further, since plaintiff still retained an ownership interest in one corporation, plaintiff fails to raise a strong inference of fraudulent intent by alleging that defendant affirmatively facilitated his attendance at annual meetings. Accordingly, the Court will grant the motion to dismiss on the basis that the statute of limitations bars plaintiff's causes of action, and plaintiff has failed to allege fraudulent concealment in compliance with Rule 9. However, the Court will afford plaintiff the opportunity to

replead his complaint to correct this deficiency. Olsen v. Pratt & Whitney Aircraft, 136 F.3d 273, 276 (2d Cir. 1998) ("Plaintiffs whose complaints are dismissed pursuant to Rule 9(b) are typically given an opportunity to amend their complaint.").

### Allegations of Fraud

Defendant argues that plaintiff's claims of fraudulent misrepresentation and breach of fiduciary duty stemming from fraudulent misrepresentation fail Rule 9 scrutiny. For the same reasons discussed relevant to plaintiff's assertion of fraudulent concealment, the Court agrees that plaintiff's claims alleging fraud are not adequately pled. However, the Court will allow plaintiff to amend these claims to comply with Rule 9.

### Negligent Misrepresentation

Defendant asserts that plaintiff's CUTPA claim must be dismissed because plaintiff's allegations concern a business transaction incidental to the business of the corporations involved in this case.

Connecticut General Statutes section 42-110b(a) provides, in relevant part:

> No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.

A "trade or commerce" is defined by the statute as "the advertising, the sale or rent or lease, or the distribution of any services, and any property . . . and any other article, commodity or thing of value in this state." Conn. Gen. Stat. § 42-110a(4). However, a CUTPA claim may not lie where the complained of practice is incidental to the actual trade or business conducted. Brandewiede v. Emery Worldwide, 890 F.Supp. 79, 81 (D.Conn. 1994). In this instance, there is no allegation that defendant was in the

6

business of purchasing interests in corporations. Defendant maintains that his normal trade or business is the sale, installation and maintenance of home security systems. However, construing the allegations in the light most favorable to plaintiff, the complaint establishes that defendant was in the business of buying interests in corporations. Accordingly, plaintiff has not failed to allege a viable CUTPA claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. # 9 ] is GRANTED without prejudice. The Court permits plaintiff the opportunity to amend the complaint to comply with Federal Rule of Civil Procedure 9. The amended complaint should be filed within 21 days of this Ruling's filing date.


_____/s/_____
Warren W. Eginton, Senior U.S District Judge


Dated this \_18\_\_th day of October 2007, at Bridgeport, Connecticut.