**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| PAUL RAUCCI, | : | 07cv30 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID G. ROMAN, | : | |
|     Defendant. | : | |

**<u>MEMORANDUM OF DECISION ON MOTIONS TO DISMISS
AND MOTION FOR SANCTIONS</u>**

The genesis of this action is the sale of certain businesses owned by plaintiff Paul Raucci to defendant David Roman. Plaintiff advances claims of fraudulent misrepresentation, reformation of the contract, breach of contract, negligence, equitable estoppel, breach of fiduciary duty, and violation of the Connecticut Unfair Trade Practices Act ("CUTPA").

In a ruling dated October 18, 2007, this Court granted defendant's motion to dismiss based on the bar of the relevant statutes of limitations and failure to plead fraudulent concealment with particularity as required by Federal Rule of Civil Procedure 9. However, the Court afforded plaintiff the opportunity to replead the complaint. Defendant has now moved to dismiss the amended complaint.

For the following reasons, the motions to dismiss will be granted.

## BACKGROUND

For purposes of ruling on the motions, the Court takes the facts alleged in the complaint to be true.

On April 24, 1996, plaintiff and defendant entered into a business transaction for the sale of plaintiff's interest in certain corporations known as Safe Home Security, Inc., Safe Home Monitoring, Inc., Security Systems, Inc. and National Protective Services, Inc. At the time, defendant was aware that plaintiff had been diagnosed with attention deficit/hyperactivity disorder, which affected plaintiff's ability to read and comprehend documents.

Defendant knowingly misrepresented to plaintiff that he would retain a five percent interest in each of the corporations. However, when he signed the transaction documents, plaintiff unknowingly transferred all of his shares in the corporations with the exception of Safe Home Security, in which corporation plaintiff retained an interest.

Defendant intentionally concealed facts from plaintiff regarding the corporate structure, ownership, financing and operation of the corporations. The alleged acts of fraudulent concealment included defendant's retaining the contract documents; failing to provide the contract documents upon request until shortly before the filing of the lawsuit; and advancing misrepresentations that plaintiff owned a 5% interest in the corporations, that plaintiff as an owner needed to provide a guaranty to a bank, and that plaintiff was required to attend annual meetings. Defendant facilitated plaintiff's attendance at annual meetings of the corporations to conceal the fact that plaintiff had resigned as a director of these corporations.

As recently as September 20, 2006, defendant had his accountant send plaintiff a valuation of the 5% in all of the corporations.

Plaintiff filed this complaint on January 8, 2007.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007) (applying flexible "plausibility standard" to Rule 8 pleading).

Statutes of Limitations Bar

Defendant asserts that plaintiff's claims are barred by the relevant statutes of limitations, since this action was commenced approximately eleven years after the transaction occurred on April 24, 1996. A statute of limitations defense is an affirmative defense and therefore generally requires a factual inquiry beyond the face of the complaint. However, a defendant may raise a statute of limitations defense where the dates in the complaint show that an action is barred. Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). This Court has previously held that the relevant statutes of limitations had run on plaintiff's tort, contract-based and CUTPA claims, and that plaintiff had not sufficiently alleged fraudulent concealment with

3

particularity in compliance with Federal Rule of Civil Procedure 9.

However, plaintiff maintains that his causes of action are tolled by defendant's acts of fraudulent concealment.

Section 52-595 of the Connecticut General Statutes provides:

> If any person liable to an action by another fraudulently conceals from him the existence of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

A plaintiff alleging fraudulent concealment must show that defendant had: 1) actual awareness of the facts necessary to establish plaintiff's cause of action; 2) intentionally concealed these facts from plaintiff; and 3) concealed the facts for the purpose of obtaining delay on plaintiff's part in filing a complaint on plaintiff's cause of action. The statute of limitations runs when a plaintiff either acquires actual knowledge of the facts that comprise the cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice. See OBG Technical Serv., Inc. v. Northrop Grumman Space & Mission Sys. Corp., 503 F.Supp. 2d 490, 507 (D. Conn. 2007).

Plaintiff's allegations of fraudulent concealment are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b) and must be stated with particularity. Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 582 (2d Cir. 2005). In order to satisfy Rule 9(b), a complaint must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent.

4

Antian v. Coutts Bank (Switzerland) Ltd., 193 F.3d 85, 88 (2d Cir. 1999). Plaintiff may make general allegations of malice, intent, knowledge or other state of mind, but the facts must give rise to a strong inference of fraudulent intent. Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). The purpose of the specificity requirement is: 1) to ensure that a complaint provides defendant with fair notice of the plaintiff's claim; 2) to safeguard defendant's reputation from improvident charges; and 3) to protect defendant from a strike suit. O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d 674, 676 (2d Cir. 1991).

As previously observed by this Court, plaintiff still retained an ownership interest in one corporation; therefore plaintiff fails to raise a strong inference of fraudulent intent or concealment by alleging that defendant represented to him that he had to provide a guaranty to a bank and was required to attend annual meetings. Lacking in the complaint is any allegation demonstrating concealment or that the particular misrepresentation asserted was unknowable to plaintiff. According to the complaint, plaintiff signed the contracts at issue, including his resignation as a director of the corporations. Plaintiff states that defendant was aware of his diagnosed disability and that plaintiff had difficulty reading and comprehending documents. However, plaintiff does not allege that defendant concealed the contractual terms or prevented plaintiff from discovering the contents of contracts. See OBG Technical Serv., 503 F.Supp. 2d at 508 (finding fraudulent concealment not sufficiently alleged where, according to allegations of complaint, information was readily available to plaintiff). Accordingly, the Court finds that plaintiff's allegations are not sufficient to state a claim of fraudulent

concealment and will dismiss the complaint based on the bar of the relevant statutes of limitations.

The Court will not afford plaintiff another leave to amend because it appears that he cannot cure the deficiency to his pleading.

Defendant has filed a motion for sanctions asserting that plaintiff has filed a frivolous complaint. The Court assumes that plaintiff made a good faith assertion of fraudulent concealment and will deny the motion for sanctions.

## CONCLUSION

For the foregoing reasons, the motions to dismiss [doc. # 25 & 41] is GRANTED. The Motion for Sanctions [doc. # 32] is DENIED.

The clerk is instructed to close the case.

_____/s/_____
Warren W. Eginton
Senior U.S District Judge

Dated this \_25\_th day of June 2008, at Bridgeport, Connecticut.